Filed 11/7/14  P. v. Goodwin CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>PATRICK GLENN GOODWIN,<br><br>  Defendant and Appellant. | F067845<br><br>(Super. Ct. No. F94519375)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan B. Conklin, Judge.

Michael Satris, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Ivan P. Marrs, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Cornell, Acting P.J., Detjen, J., and Peña, J.

## PROCEEDINGS

Appellant, Patrick Glenn Goodwin, was found guilty at the conclusion of a jury trial on December 9, 1994, of being a felon in possession of a firearm (Pen. Code, § 12021, subd. (a) [subsequently reenacted as Pen. Code, § 29800, subd. (a)]).[1] Because appellant had two prior serious felony convictions within the meaning of the three strikes law, the trial court sentenced him to a term of 25 years to life.

On November 6, 2012, the electorate passed Proposition 36 which amended the three strikes law. Appellant filed a petition to recall his sentence pursuant to the amended provisions of sections 667, 1170.12, and 1170.126 (hereafter the Act). The trial court summarily denied appellant's petition on August 1, 2013. Appellant contends the trial court erred in denying his petition. We disagree and affirm the trial court's ruling.

## FACTS

At 9:00 p.m. on September 4, 1994, Fresno Police Officers Carl McKnight and David McCrery were on patrol and responded to a disturbance call at an apartment complex in central Fresno.[2] The officers were met by several people outside the complex. Flora Perez told the officers she had seen appellant in the area with a handgun and he threatened to kill Perez's dog. Perez described appellant as a Black male by the name of Patrick who lived on the second floor of the complex above Perez's apartment.

The dog had apparently growled at appellant and appellant threatened Perez, telling her he was going to shoot the dog. Other individuals told the officers appellant

---

[1]     All statutory references are to the Penal Code.

[2]     We granted the People's motion, over appellant's objection, to take judicial notice of this court's opinion in appellant's original appeal in case No. F023071. The facts are derived from our opinion. We note that in appellant's original petition to recall his sentence before the trial court, appellant requested the trial court to take judicial notice of the entire court file from his case.

2

lived on the second floor, was crazy, always ran around with a gun, and threatened to kill the dog for no reason.

The officers walked to the apartment pointed out by the residents and met appellant in the hallway. Appellant complied with officers, identifying himself and acknowledging that he was on parole for kidnapping and robbery. Appellant told the officers he did not have a gun. McKnight called appellant's parole agent and appellant gave the officers permission to search his apartment.

Appellant's wife and small child were in the apartment. The apartment had two bedrooms. McKnight searched through a cabinet containing men's clothes and men's underwear next to the bed in the first bedroom. McKnight found a loaded .38-caliber Colt revolver in the cabinet. The closet contained jogging clothes consistent with appellant's height and build. Appellant's identification card was also found in the closet.

After he was arrested and while he was being escorted to the patrol car, appellant admitted to McKnight that the gun was his. Appellant's parole agent testified that when he conducted parole searches of appellant's apartment, appellant and his wife always slept in the bedroom where the evidence was found. Appellant waived his *Miranda*[3] rights while he was in jail and told his parole agent that he had recently switched bedrooms and the gun belonged to relatives who had been using the bedroom. Appellant, however, would not identify the relatives.

The night of the incident, appellant went to the apartment of another resident in the complex, Kari Kirkland. Kirkland testified that appellant first asked Kirkland about her roommate, but then asked her if she knew where the dog lived. Kirkland said she used to own the dog but gave it to a friend across the street. Appellant pulled the

---

[3]     *Miranda v. Arizona* (1966) 384 U.S. 436.

revolver out of his waistband, and among other things, said he was going to take care of the dog.

## ELIGIBILITY FOR RESENTENCING

Appellant contends the trial court erred in denying his petition for resentencing. Appellant argues that the statute specifically ameliorates one convicted of being a felon in possession of a firearm, his conviction of firearm use requires that this offense be "tethered" to another felony, he did not use a firearm, possession of a firearm is distinct from arming oneself with or using a firearm, there was no evidentiary proof appellant used a gun, and the rules of statutory construction entitle appellant to resentencing under section 1170.126.

We agree with respondent's initial contention that appellant's current claim is cognizable on appeal. We further agree with respondent that appellant was armed with a firearm when he was arrested for a violation of section 12021, subdivision (a), and the terms of the Act preclude appellant from the resentencing relief he seeks.

In April 2014, this court published four cases germane to the issues raised by appellant: *People v. Superior Court* (*Cervantes*) (2014) 225 Cal.App.4th 1007, 1011 (*Cervantes*); *People v. Martinez* (2014) 225 Cal.App.4th 979, 984-985 (*Martinez*); *People v. Osuna* (2014) 225 Cal.App.4th 1020 (*Osuna*); and *People v. Blakely* (2014) 225 Cal.App.4th 1042 (*Blakely*). The California Supreme Court denied review in all of these cases on July 9, 2014.

In *Blakely*, we held that a defendant convicted of being a felon in possession of a firearm is not automatically disqualified from resentencing because of that conviction. Such a defendant is disqualified for resentencing only if he or she had the firearm available for offensive or defensive use. We further held in *Blakely* that the disqualifying

4

factors need not be pled and proved to a trier of fact beyond a reasonable doubt.[4] (*Blakely*, *supra*, 225 Cal.App.4th at pp. 1048, 1056-1063.) In *Cervantes* and *Martinez*, we held an inmate may be barred from resentencing and is armed with a firearm even if he or she was not carrying a firearm on his or her person. (*Cervantes*, *supra*, 225 Cal.App.4th at pp. 1011-1018; *Martinez*, *supra*, 225 Cal.App.4th at pp. 984-985, 989-995.)

In *Osuna*, we held that (1) the disqualifying factors need not be pled and proven to a jury beyond a reasonable doubt; (2) where there are facts in the record of conviction showing the inmate was armed with a firearm—meaning it was available for immediate offensive or defensive use—during the commission of the inmate's current offense, the inmate is disqualified from resentencing under the Act even though he or she was convicted of possessing the firearm and not of being armed with it; and (3) being armed with a firearm during the commission of the current offense for the purposes of the Act does not require that the possession be "tethered" to or have some "facilitative nexus" to an underlying felony. (*Osuna*, *supra*, 225 Cal.App.4th at pp. 1026-1040.)

Although appellant was not per se prohibited under the Act from making a motion for resentencing, the fact that appellant had a firearm available in his bedroom for offensive or defensive use at the time of his arrest meant appellant was armed with a firearm. This being so, appellant was disqualified from consideration for resentencing pursuant to the Act.[5] In addition to what the investigating officers found in appellant's

---

[4]    In addition to applying standard principles of statutory construction in our analysis of section 1170.126 in *Blakely*, we also considered the rule of lenity which appellant argues is operative here. (*Blakely*, *supra*, 225 Cal.App.4th at pp. 1053-1054.)

[5]    The prosecutor did not have to plead and prove the underlying facts of appellant's conviction beyond a reasonable doubt. (*Blakely*, *supra*, 225 Cal.App.4th at pp. 1061-1063; *Osuna*, *supra*, 225 Cal.App.4th at pp. 1026-1040.)

apartment bedroom, multiple witnesses saw appellant walking around with the firearm, brandishing it, and threatening to kill Perez's dog with it.

Appellant's statutory construction arguments were considered and rejected in *Blakely*, *Osuna*, *Cervantes*, and *Martinez*. (*Blakely*, *supra*, 225 Cal.App.4th at pp. 1056-1063; *Osuna*, *supra*, 225 Cal.App.4th at pp. 1026-1040.) Furthermore, the probation officer's report was a sufficient basis for the trial court to deny the motion. (*Blakely*, *supra*, 225 Cal.App.4th at pp. 1061-1063; *Osuna*, *supra*, 225 Cal.App.4th at p. 1040; *Cervantes*, *supra*, 225 Cal.App.4th at pp. 1011-1018; *Martinez*, *supra*, 225 Cal.App.4th at pp. 989-995.)

The trial court concluded that appellant was ineligible for resentencing under the Act. The trial court's ruling is supported by the record. Following our rulings in the above cited cases, we find no error in the trial court's ruling.

## DISPOSITION

The trial court's postjudgment order denying appellant's petition for resentencing pursuant to Penal Code section 1170.126 is affirmed.